By the Court, Gilbert, J.
The verdict of the jury established the fact that Deveau was the agent of the defendant in shipping the nitro-glycerine in question, and that the same was shipped by Deveau in the due course of his business as such • agent, without giving any notice to the plaintiff of the dengerous nature of the article shipped. The evidence was conflicting. The subject, however, was fairly submitted to the jury, under proper instructions, and their verdict must be held conclusive. The question is, whether there is an implied duty on the part of the shippers of goods of this description to give notice of the dangerous nature of the goods to the ship owner, or the person who receives the goods in his behalf. We are of opinion that there is such a duty, and that the omission to perform it is an act of negligence which renders the shipper liable for the consequences.
The courts of king’s bench and of common pleas, in England, have held in several instances that such a duty exists, and we think those decisions rest upon sound principle, and ought to be regarded as enunciating a salutary rule of law. (Williams v. East India Co., 3 East, 192. Brass v. Maitland, 6 El. & B. 470. Faucet v. Barnes, 11 C. B. Rep., N. S., 553. See also Pierce v. Winsor, 2 Sprague, 35; Jeffrey v. Bigelow, 13 Wend. 518.) A similar principle was affirmed in the Court of Appeals of this State, in Thomas v. Winchester, (6 *206 N. Y. 397.) The rule of law which makes a principal liable for all the negligent- acts of his agent done in the course of his ordinary employment, is too familiar and too well established to require to be supported by a citation of authorities. It was urged that the agent’s omission to give notice of the nature of the goods, in this case, was a criminal or at least an illegal act, and that, therefore, the defendant was not liable for it. Ho such distinction exists. (Thomas v. Winchester, supra.) The Court of. Appeals held, in that case, that “although the defendant may not be answerable criminally for the negligence of his agent, there can be no doubt of his liability in a civil action, in which the act of the agent is to be regarded as the act of the principal.”
We think no negligence can be imputed to the plaintiff in causing the package to be opened, after its arrival at San Francisco. It is true, the opening of the package was the immediate cause of the disaster, for the consequences of which the defendant is sued. But it is quite reasonable to infer that if the defendant had performed his duty, and given notice of the dangerous character of the package, a different disposition of it would have been made, and the requisite care would have been taken to prevent an explosion. It was the duty of the plaintiff to take care of the package, and if possible, to stop the leakage of its contents. He adopted the usual method of doing this. He had no reason to apprehend any danger; nor was he warned that it was necessary to use extraordinary care in handling the package. It was the fault of the defendant that such warning was not given. Although, therefore, it was the act of the plaintiff which caused the explosion, yet, for the reasons stated, such act was not a negligent one which disentitles him to recover. (Add. Law of Torts, 20, 21.)
There is nothing in the point that this action is local. The gravamen of it is the negligence of the defendant, *207 whereby the plaintiff has sustained damages. Such an action is in its nature personal and transitory, and may be brought wherever the defendant can be found and served with process. The injury to real estate is only one element of the damages. Our statute relative to locality of actions applies only to causes of action arising within this State. (Smith v. Brill, 17 Wend. 323.)
[First Department, General Term, at New York,
November 4, 1872.
Ingraham, Leonard and Gilbert, Justices.]
We have looked into the other exceptions presented on behalf of the defendant, but find none of them tenable. Upon the whole case, therefore, our opinion is that the judgment should be affirmed, with costs.