## N. Y. SUPERIOR COURT.

### John G. Brooks *et al.* agt. The Mexican National Construction Company.

*Jurisdiction — Foreign corporation — Superior court no jurisdiction of an action brought by a non-resident against a foreign corporation — Objection may be taken advantage of at any time — Code of Civil Procedure, sections 266, 267, 1780.*

The superior court has no jurisdiction over a foreign corporation in an action brought by a non-resident against such corporation, and the objection to the jurisdiction of the court may be taken at any time, although it has not been taken in the answer.

Brooks *et al.* agt. Mexican National Construction Company.

TRUAX, *J.* — If the plaintiffs' view of the meaning of sections 266 and 1780 of the Code of Civil Procedure is the right one, this court would have jurisdiction of an action brought by a non-resident against a foreign corporation where the supreme court has not jurisdiction. I do not think that such was the intention of the legislature. Section 1780 provides that, in certain cases only, shall any of the courts of this state have jurisdiction over a foreign corporation in actions brought by a non-resident plaintiff, and there mentions the cases. This case is not one of the cases mentioned in that section. But, the plaintiffs contend, section 266 provides that the jurisdiction of a superior city court must be presumed, and that a want of jurisdiction by reason of the non-existence of any of the jurisdictional facts specified in section 263, is a matter of defense and is waived by the appearance of the defendant, unless it is pleaded in defense, and that the defendant not having pleaded that the plaintiffs are non-residents, he cannot raise the question of jurisdiction on a motion to vacate an attachment. Such, however, is not the meaning of those sections. They mean that the plaintiff need not set forth in his complaint that the contract sued on was made, executed or delivered within the state, or that the cause of action arose within the state, or that a warrant of attachment has been actually levied within this city, or that the summons has been actually served within this city, but that, in a case in which the supreme court has jurisdiction, if the non-existence of these facts is not set up in the answer, the court will presume that they do exist.

I am therefore of the opinion that this court has no jurisdiction over a foreign corporation in an action brought by a non-resident against such corporation, and that the objection to the jurisdiction of the court may be taken at any time, although it has not been taken in the answer.

The motion to vacate the attachment is granted, with ten dollars costs.