### CARLEY *v.* NEW YORK, O. & W RY. Co.

*(Supreme Court, General Term, Third Department. May, 1888.)*

1. RAILROAD COMPANIES—FIRES CAUSED BY SPARKS FROM ENGINES—CONDITION OF SPARK-ARRESTER—EXPERT TESTIMONY.

    In an action against a railroad company for damages caused by a fire set by sparks from its locomotive, a witness who testifies that he is yard-master or foreman in defendant's shops; that it is his duty as such to examine all defendant's engines, especially with reference to their smoke-stacks and spark-arresters, is competent to testify as an expert on spark-arresters.

2. SAME—LIABILITY FOR FIRES—EXPERT EVIDENCE—IMPEACHMENT OF.

    It is not competent to ask one witness if another, claiming to be an expert, knows anything about an engine, or how to handle one, for the purpose of showing that such person is not an expert on spark-arresters.

3. SAME—LIABILITY FOR FIRES—DEFECTIVE APPLIANCES—EVIDENCE.

    In an action against a railroad company for damages caused by a fire set by sparks from defendants' locomotives, it is competent for plaintiff, to show negligence on the part of defendant, to prove that other roads in the vicinity used better spark-arresters.

4. SAME.

    In an action against a railroad company for damages caused by a fire set by sparks from its locomotives, a witness, as an expert, testified that the spark-arresters in use on another road were better than those on defendant's road. *Held,* that the objection that there was no proof of any spark-arresters on the other road was removed by testimony subsequently introduced showing that there were.

5. SAME—LIABILITY FOR FIRES—NEW TRIAL—IMPROPER ADMISSION OF EVIDENCE.

    Under Code Civil Proc. N. Y. § 1003, providing that a new trial shall not be granted for error in admitting testimony, where the court is of the opinion that substantial justice does not require it, a new trial will not be granted in an action against a railroad company for damages caused by a fire set by sparks from its engines, for error in admitting testimony concerning its spark-arresters, where the case turned on the fact that defendant had negligently allowed rubbish to accumulate along its track.

Appeal from circuit court, Sullivan county.

Action brought by Maria Carley against the New York, Ontario & Western Railway Company for damages caused by burning plaintiff's woods, alleged to have been set on fire by sparks thrown from defendant's locomotive. Verdict and judgment for plaintiff; from which, and an order denying a motion for a new trial, defendant appealed. Section 1003, Code Civil Proc. N. Y., provides "that an error in the admission or exclusion of evidence, or in any other ruling or direction of the judge on the trial, may, in the discretion of the court which reviews it, be disregarded, if that court is of opinion that substantial justice does not require that a new trial should be granted."

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Geo. H. Carpenter,* for appellant. *W. F. O'Neill,* for respondent.

LANDON, J. The facts in this case are substantially the same as in *O'Neill* v. *Railway Co.,* 45 Hun, 458. The damages now sought to be recovered were caused by the same fire. We follow the decision made in that case, that the verdict is warranted by the evidence. The witness Gray was asked: "Were the regular spark-arresters used upon the West Shore road at that time?" The appellant objected, as assuming a fact not proved, as immaterial, and that the witness was not shown to be an expert. This objection was overruled, and the witness answered, "Yes." He was next asked: "Were the spark-arresters used on the West Shore road an improved method over the netting used on this road for arresting and confining sparks?" This was objected to upon the same grounds as above, and the objection overruled. The witness answered, "Yes." The evidence was material. As to the com-

petency of the witness as an expert, he testified: "I am yard-master or fore-man in the shops of defendant, and was in April and May, 1884, (about the time of the fire.) It was a part of my duty to examine all engines arriving and departing from the engine-house. It was my duty to examine the smoke-stacks, spark-arresters, and ash-pans. I examined the smoke-stacks, spark-arresters, and ash-pans of all engines that came into the round-house." We think the court was justified in holding that he was an expert with respect to spark-arresters. The objection that a fact was assumed not proved, namely, the existence of regular spark-arresters, simply went to the order of proof. Whether the existence of that appliance was not well known, and needed proof, or was so well known as to be naturally assumed as of course, was a matter as to which the trial judge could best decide. At a sub-sequent stage of the trial the kind of spark-arresters used upon the West Shore road was fully described by a witness on the part of the defense. We do not think any error was committed in this respect. Assuming that the witness was an expert, we think it was competent for him to give his opinion with reference to the comparative merits of the spark-arresters used upon the two roads. The plaintiff had a right to show, if she could, that the appliance used by the defendant was not a reasonably safe and suitable appliance, and to that end evidence that better appliances were in common use upon another road in the same vicinity was competent. Other testimony was given respect-ing the spark-arrester, and the court finally, at the request of the defendant, instructed the jury that "the proof shows that the spark-arrester used by the defendant is of the most approved kind known." We must assume, there-fore, that the error, if any, in receiving the testimony of Gray was cured. The defendant failed upon the ground that it was negligent in leaving so much combustible rubbish near plaintiff's property on its road liable to be ignited by the sparks emitted from its engines. It is true, there are cases in which the courts have held that where erroneous evidence has been once re-ceived under exception the error is not cured by the instruction to the jury to disregard it. *Erben* v. *Lorillard,* 19 N. Y. 299; *Arthur* v. *Griswold,* 55 N. Y. 400. But these are cases in which it was plain that the erroneous evidence produced an erroneous verdict. We are satisfied that the verdict would have been the same if this evidence had not been offered, and we are instructed by the Code not to disturb it. Section 1003. The court sustained the objection to the question asked by the defendant of its witness Minshull: "Did Mr. Gray know anything about an engine or handling one?" The object of this ques-tion was to prove Gray's incompetency as an expert upon the subject of spark-arresters. Usually a witness' competency is proved by himself; and the opinion of another witness that he does not know anything about kindred ob-jects is plainly incompetent. The objection to the question calling for the discussion by the convention of master mechanics of the subject of spark-arresters was properly sustained. The judgment and order must be affirmed, with costs.