### COOK *v.* NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Fifth Department. June, 1888.)*

DAMAGES—FOR PERSONAL INJURIES—FUTURE SUFFERING—EXPERT TESTIMONY.
    In an action for personal injuries, a medical expert, having testified to the condition of the injured part, may be asked to state what the probabilities are as to the plaintiff's future, as indicated by the symptoms to which he had testified.

Appeal from circuit court, Genesee county.

There was a verdict and judgment for plaintiff below. Defendant presented a motion for a new trial, which was overruled, and defendant appeals.

*Harris & Harris,* for appellant. *Safford D. North,* for respondent. Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

BARKER, P. J. The plaintiff, a common laborer, in the service of the defendant, engaged in digging a trench some eight feet deep, was injured by the caving in of the walls of the excavation. The most serious injury was to one of his hips and the connecting parts. The trial took place about a year after the accident. At that time the plaintiff had not fully recovered from the injury, and he was lame, and unable to do active manual labor, and was then suffering from pain in his chest, and experienced some difficulty in breathing. One of the physicians testified that the hip was permanently injured; that there was a separation of the *ilium* and *sacrum;* that the former

was not firm in position, but was movable; that he found a depression over
the hip bone, caused by the wasting of the muscles, which came from a con-
tinued injury to the nerve.    He further testified: "I think that condition will
be permanent, and the effect will be to render him less muscular, less strong,
—feebler; it will not necessarily give him pain; it is likely to do so."    Then
this question was asked the same witness: "Will you state what this increased
diminution of muscles indicates as to this man's future?"    The defendant
interposed a general objection, which was not ruled upon by the court, nor was
the question answered.    The court addressed the witness, saying: "You can
state what the probabilities are."    The defendant objected, and the witness an-
swered the question, viz.: "The probabilities are the atrophy will continue in
consequence of this diseased condition."    We think the question and the answer
were both competent, within the rules of evidence established in this state.
In estimating the pecuniary loss in such cases, all the consequences of the in-
jury, future as well as past, are to be taken into consideration.    *Curtis* v.
*Railroad Co.*, 18 N. Y. 542.    In applying this rule, it must be observed, how-
ever, that, in cases of tort for personal injury, it is necessary for the injured
party to show that the future damages for which he claims to recover are
reasonably certain to ensue as a natural result of the wrongful act imputed to
the defendant.    Consequences which are contingent, speculative, or merely
possible, are not to be considered in ascertaining the damages.    It is compe-
tent for a medical expert to give his opinion as to the ordinary or probable
course of a disease or injury to a person, based upon his examination and knowl-
edge of the case.  . This the witness was permitted to do, and nothing more by
the form and substance of the question, and in his answer he kept strictly
within the limits of the inquiry.    The witness could not speak with absolute
certainty as to the future effects of the injuries, nor as to the period of
their duration.    He could, at most, only express his best judgment.    By giving
to the language in which the question was propounded, and the words in
which the witness answered, their ordinary meaning, it is manifest that the
witness intended simply to express his opinion, based upon the symptoms of
the case with which he was familiar.    It was but a cautious expression of an
opinion by the witness as to what may be reasonably expected to follow in the
future as the natural effect from the present appearance and condition of
the person injured.    This form of inquiry, made of medical witnesses with a
view of securing an expression of their opinion as to the probable future re-
sults of an injury, has been sanctioned by the highest authority.    In *Filer* v.
*Railroad Co.*, 49 N. Y. 42, a medical expert was asked a question in this
form: "State, from your experience and medical knowledge, the probability
of a recurrence of an inflammation of this muscle?    What will be the prob-
able effect upon the health of Mrs. Filer, in your opinion?"    It was held that
both questions were proper, and that the probable result of a personal injury,
in the opinion of a competent witness, was proper.    In *Lincoln* v. *Railroad
Co.*, 23 Wend. 425, it was held that the probable future condition of the in-
jured party was a proper matter for inquiry of medical witnesses.    The rule
as laid down in these cases was not overruled or limited in *Strohm* v. *Rail-
road Co.*, 96 N. Y. 305, but cited in support of the general propositions there
stated.    In that case it was held that, by the form and character of the inquiry
permitted, a witness was allowed to state the conditions of the injured party
which might develop in the future from the injuries he had received, and thus
open the door for the jury to assess speculative damages.    It was not in-
tended, in that case, to change or alter the well-settled rules of evidence on
this subject, as stated in the previous decisions.    On the same subject, *Turner*
v. *City of Newburgh*, 16 N. E. Rep. 344.    The opinion of witnesses in this
class of cases, expressed within the limits of the rule, is for the consideration
of the jury for the purpose of aiding them in assessing the damages.    But,
to entitle a plaintiff to recover present damages for probable future conse-

quences, there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. *Strohm* v. *Railroad Co., supra.* This is the legal rule by which the jury are to be guided, and it is for them to say whether the evidence, including the medical testimony, brings the case up to that standard of certainty. One is a rule of evidence, to be observed in the examination of witnesses, and the other is a rule of law by which the right of recovery for future damages is to be determined. We also agree with the learned judge who presided at the trial, and who also dismissed the defendant's motion for a new trial, that a case was made for the consideration of the jury. Judgment and order affirmed.

All concur.