ROBINSON *v.* OCEANIC STEAM NAV. CO.

(*Superior Court of New York City, General Term.* June 20, 1888.)

1. ACTION—BY NON-RESIDENT—WHEN MAINTAINABLE.

A non-resident who has been appointed administrator in the city of New York cannot maintain an action against a foreign corporation for the death of his intestate, caused by the collision of defendant's steamer in mid-ocean, as Code Civil Proc. § 1780, provides that a non-resident can only maintain an action against a foreign corporation for a breach of a contract made within the state, or relating to property situated within the state at the time of making, or to real property or chattels in the state, or where the cause of action arose within the state; and the case may be dismissed, on motion of defendant, after issue has been joined without raising the question of jurisdiction, and after defendant has noticed the cause for trial.

2. CONSTITUTIONAL LAW—PRIVILEGES OF CITIZENS—ABRIDGMENT OF.

Granting defendant's motion to dismiss in such case does not violate Const. U. S. art. 4, § 2, which provides that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states."

Appeal from special term; RICHARD O'GORMAN, Judge.

This action was brought by John Robinson, of Fall River, Mass., against the Oceanic Steam Navigation Company, a corporation organized under the laws of the United Kingdom of Great Britain and Ireland, to recover damages for the death of plaintiff's intestate, which is alleged to have occurred in the collision between the defendant's steam-ships *Britannic* and *Celtic*, on the Atlantic ocean, about 375 miles from New York city, in May, 1887. Issue was joined, the case was noticed for trial by defendant, and a deposition taken on its behalf, when it moved to dismiss on the ground that the court had no jurisdiction, under Code Civil Proc. § 1780, which is as follows: "An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: (1) Where the action is brought to recover damages for the breach of a contract made within the state, or relating to property situated within the state at the time of the making thereof; (2) where it is brought to recover real property situated within the state, or a chattel which is within the state; (3) where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state." The court below made an order denying the motion, and from such order the defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and TRUAX, JJ.

*Lawrence Godkin,* for appellant. *Thomas P. Wickes,* for respondent.

SEDGWICK, J. On the motion below, it appeared clearly, that the plaintiff was a non-resident of this state; that the defendant was a foreign corporation, and that the cause of action did not arise within this state. No court of this state had jurisdiction of the action. Section 1780, Code Civil Proc. We must follow the case of *Brooks v. Construction Co.,* 64 How. Pr. 364, that decides that the court is not in possession of jurisdiction, against the force of the statute, when, as here, the defendant has not declared in his answer that there is no jurisdiction, and that a waiver of the defense of no jurisdiction because of non-residence in the city is not a waiver of the objections that are grounded upon non-residence in the state. The learned counsel for respondent contends, however, that the plaintiff, although otherwise a non-resident of this state, became, for the purposes of this action, a resident of the state by force of the letters of administration granted to him in this

county. I do not recognize the proposition to be valid. The non-residence of the plaintiff was determined by the existence of certain facts before letters were issued to him. By the statute, such letters may be issued to a non-resident. The letters did not destroy any of the facts which made him a non-resident. After the letters were issued, he remained a non-resident, and ever since has been a non-resident. While it is certain that the cause of action alleged is not local and is transitory, that consideration does not take the case out of the 1780th section of the Code, which makes a condition precedent of jurisdiction that the cause of action should arise within this state. A transitory cause may arise within any state. This was a transitory cause that arose without the state. The action was not for damages to the intestate for the breach of a supposed contract with her to carry her safely, etc. The only demand of damages in the complaint is for such as resulted in her death to the next of kin. The action was in tort, under Lord Campbell's act. I am of opinion that the attention of the court may be turned, at any stage of an action, to its want of jurisdiction, like the want here; and it may then declare to the parties that for that reason the proceedings, from the beginning, had no legal efficacy, and that no further proceedings should be taken. This may be competently done by setting aside the summons, and all that followed.

It does not appear that granting the motion would have violated section 2, art. 4, Const. U. S., which provides that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." No action of a judge can confer power upon a court when the state has not given it. The court can only ascertain what jurisdiction has been given. Any supposed neglect of a state to establish courts of sufficent jurisdiction cannot be remedied by the action of a judge or court. The case of *Popfinger* v. *Yutte*, 102 N. Y. 42, 6 N. E. Rep. 259, is confined to jurisdictional defects mentioned in section 263 of the Code. I am of opinion that the order appealed from should be reversed, and that the motion should be granted, with $10 costs.

FREEDMAN and TRUAX, JJ., concur.