CORNELIA R. GANIARD, RESPONDENT, *v.* ROCHES-
TER CITY AND BRIGHTON RAILROAD COMPANY,
APPELLANT.

*Duty of a common carrier to passengers entering its cars — when the question of the
plaintiff's negligence should be submitted to the jury — all the consequences of the
injury, future as well as past, are to be considered.*

Upon the trial of an action brought by the plaintiff to recover damages for per-
sonal injuries, sustained by her while attempting to enter one of the defendant's
cars as a passenger, evidence was given tending to show that, as she placed one
foot on the step on the rear platform, the car was suddenly started by the driver,
which caused a jerking motion and she was thrown upon the ground and received
severe and painful injuries.   It also appeared that the driver of the car in ques-
tion, which was drawn by one horse, had the sole charge of the same; that the
plaintiff frequently rode in the car, and she and the driver knew each other
by sight; that in the day-time he stopped at a street crossing for the purpose of
receiving passengers and opened the door in the rear end of the car through
which they entered.

The testimony of the plaintiff, which was disputed by the driver and also by
the driver of another car, tended to prove that she gave a signal to the driver
indicating that she desired to take the car, which he observed and could under-
stand; that she then stepped from the sidewalk towards the car and that it did
not move until she had reached it and placed her right foot on the step and
with her right hand had taken hold of the car.

*Held,* that it was for the jury to say which of these witnesses told the truth, and
that the charge of negligence on the part of the defendant was fully supported
by the evidence.

The plaintiff approached the car on the right side of the same as it was faced to
the east, that being the direction in which it was moving, placed her right foot
on the step and at the same time with her right hand took hold of the rail which
passes around the guard on the rear of the platform, instead of taking hold of
the guard-rail, which is placed on the body of the car and within reach as a
passenger is stepping on the platform.

*Held,* that the question as to whether this manner of supporting herself while
ascending the platform was, under the circumstances, negligent or not, was
properly submitted to the jury, and that their verdict in favor of the plaintiff
should be affirmed.

A physician called by the plaintiff was, against the objection and exception of the
defendant, asked the following question: "Suppose it is upwards of two years
since the injury, and it is still painful on using, what would you say as to the
probable duration of that hereafter," to which he answered : "I should say
it would continue;" and also, in reply to another question, as to whether there
was a probability of its leading to still more serious results, said: "With those
conditions there is a probability."

*Held*, that the questions and answers were properly admitted; that in estimating the pecuniary loss, in cases of this character, all the consequences of the injury, future as well as past, are to be taken into consideration.

*Strohm* v. *New York, Lake Erie and Western Railroad Company* (90 N. Y., 306), distinguished.

APPEAL from a judgment entered in the Monroe county clerk's office on May 12, 1885, upon a verdict rendered at the Monroe Circuit in the plaintiff's favor for the sum of $2,500, and from an order of the Monroe Special Term, denying the defendant's motion for a new trial.

*Raines Brothers*, for the appellant.

*James S. Garlock*, for the respondent.

BARKER, P. J. :

The plaintiff attempted to enter one of the defendants cars, as a passenger, and as she placed one foot on the step on the rear platform the car was suddenly started by the driver which caused a jerking motion and she was thrown upon the ground and received severe and painful injuries. In view of the legal propositions stated to the jury, by the learned trial judge, as their guide in disposing of the questions of fact, it is to be assumed that they, from all the evidence before them, found that the driver was guilty of negligence in starting the car while the plaintiff was attempting to reach the platform, and that she was not guilty of any negligent act on her part which contributed to her injuries. I am of the opinion that the evidence fairly supports both conclusions. The car in question was drawn by one horse, and the driver, whose position was on the front platform, had the sole charge of the same. In the day-time the car stopped at a street crossing, where all the defendant's cars were accustomed to stop for the purpose of receiving passengers, and the driver opened the door in the rear end of the car through which the passengers entered. The plaintiff frequently rode in the cars running on the defendant's line, and she and the driver knew each other by sight. As the car stopped the plaintiff was on the sidewalk nearly opposite. Her own evidence tended to prove that she gave a signal to the driver indicating that she desired to take the car, which he observed and

understood, and she then stepped from the sidewalk towards the car, and that it did not move until she had reached it and placed her right foot on the step and with her right hand had taken hold of the car. This evidence was disputed by the driver, and also by the driver of another car who was in the employ of the defendant.

It was for the jury to say which of these witnesses told the truth. Their conclusion is not without evidence to support the plaintiff's side of the question in dispute. The contradicting witnesses were in the employ of the defendant at the time of the accident, and to one of them the alleged negligent act is imputed. If the driver did recognize the signal given by the plaintiff, and saw that she was approaching the car for the purpose of taking passage therein, and he held the car for her to enter the same as a passenger, then the instant she placed her foot on the steps she was a passenger and entitled to all the care and protection which the law bestows upon all persons riding in street cars. The signal amounted to an offer or request, on the part of the plaintiff to ride on that car, and its recognition by the person in charge of the car to an acceptance of the same. (Sherman & Redfield on Negligence, § 262.) In a case where it appeared that the plaintiff held up his finger to the driver of an omnibus, who stopped to take him up and just as the plaintiff was putting his foot on the step of the omnibus the driver drove on and the plaintiff fell on his face to the ground and received injuries, it was held by the court that it was evidence to go to the jury in support of the charge of breach of duty by the carrier. (*Brien* v. *Bennett,* 8 C. & P., 724.) The carrier must use great care, not only in carrying his passengers, but in all preliminary matters, such as their reception into the vehicle provided for their use. In this State carriers by street cars are not required, as matter of law, to provide a conductor to take charge of the car and assist the passengers on and off from the platform. The fact, however, that there was no person in charge of the car, aside from the driver, may be considered as a circumstance bearing on the question of the negligence of the defendant. The carrier must allow a passenger a reasonable time to get on and off the car, and if, while doing so, the car is started suddenly and so as to produce a jerking motion, it is in and of itself an act of carelessness. I think that by applying to the case before us the well settled rule, " That passenger carriers

bind themselves to carry safely, those whom they take into their coaches as far as human care and foresight will go, that is, to the utmost care and diligence of very cautious persons," the charge of negligence on the part of the defendant was fully supported by the evidence. (*Maverick* v. *Eighth Ave. R. R. Co.*, 36 N. Y., 381.)

For the purpose of defeating a recovery in this action, the defendant contends that the plaintiff was guilty of contributory negligence, and for this reason the judgment should be reversed. The plaintiff approached the car on the right hand side of the same as it was faced to the east, that being the direction in which the car was moving. The only act on the part of the plaintiff, which is claimed to be negligent is that as she placed her right foot on the step, she, at the same time, with her right hand took hold of the rail which passes around the sheet or guard on the rear part of the platform instead of taking hold of the guard rail, which is placed on the body of the car, and within reach as the passenger is stepping on the platform. The plaintiff admits that she attempted to support herself in the manner mentioned, and that while her right foot was on the step, and her right hand on the rod in the rear part of the platform, the car started and she was thrown to the ground. Whether this manner of supporting herself while ascending to the platform, was negligent or not under the circumstances, I think, was a proper question for the jury. The law does not and cannot indicate the proper steps and movements for a passenger to observe while entering a street car. In such matters it only lays down general rules, and the facts of each case must determine whether they have been observed or violated. In most cases it becomes a mixed question of law and fact. I think it was so in this case, and it was properly left to the jury to pass upon the question of the plaintiff's negligence; the rule of law having been fully and carefully stated to them by the judge. The attempt made by the plaintiff to get aboard the car, was made while it was stationary. The evidence tended to prove that the driver knew that she was in the act of stepping on the platform, when he started the car, and we must assume, in view of the instructions given to the jury, that the jury so found. The plaintiff had the right to assume that the car would not start until she had gained the platform, at least, and having acted upon that

assumption, as we may assume she did, negligence cannot be fairly imputed to her. (*Nichols* v. *Sixth Ave. R. R. Co.*, 38 N. Y., 133.) The only risk to which the plaintiff was exposed in stepping on to the car was the sudden starting of the same with a jerking motion. This she had no reason to apprehend, as she had notified the driver of her intention to take the car, and he assented and impliedly promised to wait until she gained the inside of the car. The rule on this subject as stated in Sherman & Redfield in their work on Negligence, is as follows : "A passenger ought not to be deemed guilty of contributory negligence when he takes only such risks as, under the same circumstances, a prudent man would take." This proposition is supported by all the authorities. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 47; *Keating* v. *N. Y. C. and H. R. R. R.*, 3 Lans., 469; affirmed, 49 N. Y., 673; *Totten* v. *Phipps*, 52 id. 354.) In the last case cited the rule is briefly stated as follows : " Every one must exercise that degree of care which a prudent person would exercise under the particular circumstances; and as a general rule the degree of care must be in proportion to the danger." To justify a nonsuit on the ground of the plaintiff's contributory negligence, such negligence must appear so clearly that no consideration of the evidence or the inferences from the facts would have warranted a contrary conclusion. (*Stackus* v. *N. Y. C. & H. R. R. Co.*, 79 N. Y. 464; *Fordham* v. *Brighton R. R. Co.*, L. R., 4 C. P., 619.) The plaintiff while getting into one of the defendant's railway carriages having a parcel in his right hand, placed his left hand on the back of the open door to aid him in mounting the step. Before he had completely entered the carriage, the guard without previous warning, forcibly closed the door and crushed the plaintiff's hand between the door and the door post. In an action for the injury thus sustained, it was held, that the jury were justified in finding in favor of the plaintiff, that the guard was guilty of negligence, and that there was no evidence of contributory negligence on the part of the plaintiff. In another case (*Coleman* v. *S. E. R. Co.*, 4 H. & C., 699) a boy twelve years of age, had entered a railway carriage in the night-time, and was about to seat himself, when he placed his fingers on a part of the door. His father was behind him getting into the carriage, when a porter violently closed the door which crushed the boy's fingers, and struck his father on the back. It was held in that case that there was evidence of neg-

ligence on the part of the porter, which was properly submitted to the jury, and that there was no contributory negligence on the part of the boy.

It cannot be doubted that, in this case, the law required that the question of the plaintiff's contributory negligence be submitted to the jury. There is no rule of law making it negligence, *per se*, for a passenger to step aboard a standing street car when the platform is unoccupied, as in this case, without taking hold of the railings with his hand to guard against the sudden movement of the car, and particularly so when the person in charge of the car has been notified that the passenger is in the act of entering the car. The street cars are intended for the use of all classes of people as they come and go about their daily affairs. Some have packages in one hand, and some in both, and none have reason to suppose that the car will start with a sudden and dangerous motion while they are passing in.

The plaintiff gave some evidence tending to show that on other days the driver started his car suddenly and drove rapidly, and, while on duty, used intoxicating drinks. Immediately after this evidence was given by the witness, the court, on its own motion, directed that all the evidence given on this point, to which the defendant's objection applied, be stricken from the record. After this order no reference whatever was made to this evidence during the trial. We think the error, if the question objected to was incompetent, was cured, as the evidence was not, in fact, responsive to the subject-matter of inquiry embraced in the question.

A medical witness was asked a question by the plaintiff, put in this form: " Suppose she (the plaintiff) was precipitated from the back part of a car, something like the model here in court, and her hand involuntarily clung to the rod there to such an extent that she could not open it, and was contracted, what, in your opinion, produced that clinging, or what might produce it ?" (The defendant's counsel objected to this question as immaterial and incompetent, and not matter for an expert. The objection was overruled, and the defendant excepted.) Before the witness answered the question, he addressed the counsel for the plaintiff in these words: "Do you mean, what would produce clinging to the rail?" The counsel replied: "Yes, the inability to open her hand?" The witness then answered in these words: " I suppose, spasmodic contraction of the

muscles, not being, perhaps, fully under the control of the will, or, perhaps, very strongly under the control of the will." And the defendant's counsel then moved that the answer be stricken out, which was denied, and he again excepted. And the witness continued: "I could conceive that a person, in a disturbed state of mind, in connection with the excitement, will involuntarily grasp an object." It is clear that the answer, as given, was in answer to the question as modified by the witness, and assented to by the plaintiff's counsel, and we find no ground of objection to the subject matter embraced in the question, nor does the answer express any opinion by the witness which it was not competent for an expert to give in answer to a pertinent inquiry.

We see no merit in the appellant's fourth point, as the witness did not testify to any declaration made by the plaintiff to her physician, but he simply stated, in reply to an inquiry, that she made a statement to him on the occasion referred to. A physician was called by the plaintiff and testified, as the case states, as to the condition in which he found the plaintiff, when he visited her as his patient. Several questions and the answers thereto are set forth in the case, in *hæc verba*, among them the following: " Suppose it is upwards of two years since the injury, and it is still painful on using, what would you say as to the probable duration of that hereafter?" The defendant objected to the question, the same was overruled and an exception was taken, and the witness answered: "I should say it would continue." He was then asked: "Is there a probability of its leading to still more serious results?" This was also objected to and the witness answered: "With those conditions there is a probability." In support of his exception, the appellant relies upon the case of *Strohm* v. *New York Lake Erie and Western Railway* (96 N. Y., 306). The rule of evidence affirmed and applied by the facts of that case has no just application to the one now before us. In this State the rule is well established that, in estimating the pecuniary loss in cases of this character, all the consequences of the injury, future as well as the past, are to be taken into consideration. (*Curtis* v. *R. and S. R. Co.*, 18 N. Y., 542.)

In a recent case decided in this court (*Cook* v. *N. Y. C. and H. R. R. R. Co.*, Fifth Dept., June Term, 1888, not reported), the precise point presented here was considered, and it was held

that the question and answer were both competent.   The sixth and last point presented, by the appellants brief, has been fully consid. ered, and we fail to discover any error in allowing the witness, Cover, to state the observations he made on car No. 89, as the evidence tended to prove that that car was in all material respects of the same size and proportions as car No. 121 on which the accident happened.

As we have been unable to discover any errors in the record, the judgment and the order should be affirmed, with costs.

HAIGHT and BRADLEY, JJ., concurred: DWIGHT, J., not voting.

Judgment and order affirmed.