## FLYNN *v.* CENTRAL RAILROAD OF NEW JERSEY.

*(Superior Court of New York City, General Term.* March 21, 1891.)

1. NEGLIGENCE—PLEADING—COMPLAINT.

The complaint, in an action against a railroad company, alleged that while plaintiff was lawfully engaged in loading grain on defendant's cars, and was attempting to pass through an opening purposely made to assist in the loading, defendant negligently, and without warning, violently moved the cars backward, and suddenly closed said opening, whereby plaintiff was jammed, his ribs fractured, etc., all without any fault on his part. *Held,* that the complaint sufficiently charged negligence on the part of defendant, as a person passing the rear of a standing train has a right to suppose himself out of danger, in the absence of any warning.

2. SUPERIOR COURT OF NEW YORK CITY—JURISDICTION—FOREIGN CORPORATIONS.

Under Code Proc. N. Y. § 427, which provided that an action against a foreign corporation may be brought in the inferior court of New York city "by a resident of this state, for any cause of action," and which was codified by Code Civil Proc. N. Y. § 1780, declaring that "an action against a foreign corporation may be maintained by a resident of this state * * * for any cause of action," a resident of New York may maintain an action in the superior court of New York city against a foreign corporation for personal injuries inflicted in another state. Said section 427, (of the Code of Procedure,) being permanently continued by Const. N. Y. 1869, art. 6, § 12, is therefore not affected by Code Civil Proc. N. Y. § 263, subd. 7, which provides that the superior city courts shall have jurisdiction against foreign corporations where the cause of action arose within the state.

Action by Thomas Flynn against the Central Railroad of New Jersey. Defendant demurs to the complaint on the ground that it does not state a cause of action, and also on the ground that the court did not have jurisdiction. Code Civil Proc. N. Y. § 263, provides that "the civil jurisdiction of each of the superior city courts extends to the following actions and special proceedings, in addition to the jurisdiction, power, and authority conferred

upon it, in a particular case, by special statutory provision: * * * 7. To an action brought by a resident of that city against a foreign corporation either (1) to recover damages for a breach of contract, express or implied, or the sum payable by the terms of a contract, express or implied, where the contract was made, executed, and delivered within the state, or where the cause of action arose within the state; or (2) where a warrant of attachment, granted in the action, has been actually levied within that city, upon property of the corporation; or (3) where the summons is served by delivery of a copy thereof within that city, to an officer of the corporation, as prescribed by law."

*E. R. Terry*, for plaintiff.   *De Forest & Weeks*, for defendant.

McADAM, J.   The complaint alleges that the plaintiff, who is a resident of the state of New York, while lawfully engaged in loading grain upon the cars of the defendant, in the state of New Jersey, attempted to pass through an opening purposely made to assist in the loading, and the defendant negligently, and without warning, violently moved the cars backward, and suddenly closed the said space, whereby the plaintiff was jammed, his ribs fractured, and his arm broken, all without any fault on his part.   As cars generally go forward, not backward, a person passing the rear end of a stationary train may, in the absence of some warning or signal of alarm, ordinarily suppose himself out of danger.   There may be reasons in the present case why this is not so, but they do not appear by the complaint, and probably will not appear until the trial.   The defendant was under a duty to exercise care in backing the cars proportionate to the danger, (*Barry* v. *Railroad Co.*, 92 N. Y. 293,) and the complaint clearly charges a neglect of such duty.   Where different inferences may be drawn from the facts, or minds may differ concerning them, the question cannot be determined as one of law, but must be submitted to the jury.   *Swift* v. *Railroad Co.*, 123 N. Y. 645, 25 N. E. Rep. 378.

The complaint states a good cause of action, and the question to be considered is whether the court has jurisdiction of the parties and of the subject-matter involved.   The defendant claims that, because the injury was inflicted in New Jersey, and the defendant is a corporation created under the laws of that state, this court has no jurisdiction, and that to obtain it against a foreign corporation two things must concur:  *First*, the plaintiff must not only be a resident of the state, but of the city of New York; *second*, the cause of action must have arisen within the state of New York.   The argument is based on the phraseology of subdivision 7 of section 263 of the Code, which, in view of other legislation, is in some respects confusing.   Section 1780 provides that "an action against a foreign corporation may be maintained by a resident of this state * * * for any cause of action."   This section is a codification of section 427 of the former Code, which provided "that an action against a corporation created by or under the laws of any other state * * * may be brought in the supreme court, the superior court of the city of New York, or the court of common pleas for the city and county of New York, by a resident of this state, for any cause of action."   So that, prior to the new Code, jurisdiction of actions like the present, both as to parties and subject-matter, was clearly vested in this court.   The jurisdiction so conferred was permanently continued by the provisions of the judiciary article of the constitution as amended in 1869, (article 6, § 12;) and if section 263 of the Code revision, or any subdivision thereof, in any manner limits or abridges the jurisdiction the court possessed at the time the revision went into effect, it is to that extent unconstitutional and void, (*Popfinger* v. *Yutte*, 102 N. Y. 38, 6 N. E. Rep. 259.)   The right of action is transitory, (*McIvor* v. *McCabe*, 16 Abb. Pr. 319; *Home Ins. Co.* v. *Pennsylvania R. Co.*, 11 Hun, 182; *Barney* v. *Burstenbinder*, 7 Lans. 210, 64 Barb. 212;) and, if process is (as it was here) legally served within the county, the jurisdiction of this court, both as to sub-

ject-matter and parties, is complete. In *Brooks* v. *Mexican, etc., Co.*, 49 N. Y. Super. Ct. 234, 50 N. Y. Super. Ct. 281, and *Robinson* v. *Navigation Co.*, 1 N. Y. Supp. 418, affirmed, 19 N. E. Rep. 625, the plaintiffs were non-residents of the state, a feature that distinguishes those cases from the one at bar, for the plaintiff here is a resident of Brooklyn, in this state. In *Brooks* v. *Mexican, etc., Co.*, *supra*, section 263 of the Code was discussed, and it was doubted whether this court could take jurisdiction against the force of its provisions. The constitutional objection to that section was neither discussed nor decided. That phase of the question is squarely presented now, and, as the objection is unanswerable, it must be met and sustained. The opinion of the court of appeals in *Robinson* v. *Navigation Co.*, *supra*, read in connection with that in the *Popfinger* v. *Yutte* case, *supra*, clearly sustains the jurisdiction of the court as to both subject-matter and parties. It follows that the plaintiff is entitled to interlocutory judgment, with costs, on payment of which the defendant may withdraw the demurrer and plead to the merits.