### SCHNEIDER *v.* SECOND-AVE. R. CO. *et al.*

(*Superior Court of New York City, General Term.* July 2, 1891.)

1. STREET-CAR COLLISIONS—NEGLIGENCE OF DRIVER—EVIDENCE.
    Plaintiff, while riding on the front platform of a street-car of defendant S. Co., was thrown therefrom by the shock of a collision with a car of defendant H. Co., at the point of intersection of the two lines. When within 50 feet of the crossing, the H. car-driver shouted to the S. car-driver that his car, going down grade, had become unmanageable. The S. car-driver was looking in an opposite direction from the one in which the H. cars must approach on its single track, and did not see the H. car approaching at double its usual speed; otherwise he might have seen that car, and then have stopped his own car in a space of five or six feet. *Held*, that the evidence was sufficient to justify the submission of the question of the S. car-driver's negligence to the jury.

2. SAME—DEFECTIVE BRAKE.
    In such case, the question of the H. Co.'s negligence was properly submitted to the jury, the evidence being that the H. Co.'s car-driver was unable to stop his car on account of a broken brake resulting from a flaw, that the car was a large one, and that there was a rear brake on the car which might have been applied to stop it, if there had been a conductor on the car.

3. SAME—INJURIES TO PASSENGER—LIABILITY OF BOTH DEFENDANTS.
    The contention of one of the defendants in such case that, if negligence was proved against the other defendant, the first defendant should have had the complaint dismissed as to it, could not be sustained; the comparative degrees of negligence in the two defendants not affecting the liability of either.

4. SAME—EVIDENCE.
    Evidence introduced by the S. Co. to show contradictory statements made by the driver of its co-defendant, the H. Co., with respect to his ability to stop the car, while inadmissible as to the H. Co., should not affect plaintiff's recovery, it having been brought into the case under objection from him.

5. DAMAGES—EXCESSIVE—PERMANENT INJURY.
    The sum of $15,000 is not excessive damages for an injury to a house painter, earning $3 per day, whereby he is rendered unable to stand erect, and is physically deformed and incapacitated for labor for life.

Appeal from jury term.

Action by Frederick Schneider against the Second-Avenue Railroad Company and the Houston, West-Street & Pavonia Ferry Railroad Company.

From a judgment for plaintiff entered on the verdict of a jury, and from an order denying their motions for a new trial, defendants appeal.

Argued before FREEDMAN, P. J., and GILDERSLEEVE, J.

*Miller & Wells* and *A. S. Hutchins,* for appellants.  *G. W. Smith,* for respondent.

GILDERSLEEVE, J.  This action was brought to recover damages for a personal injury to the plaintiff caused by the alleged negligence of the defendants.  The defendants are domestic corporations, having no interests in common, engaged in operating street railroads, as common carriers of passengers for hire, through certain avenues and streets in the city of New York.  On the 7th day of November, 1888, at about 10 o'clock in the forenoon, the plaintiff was riding down town on the front platform of a Second-Avenue car belonging to and operated by the defendant the Second-Avenue Railroad Company.  He had got onto the rear platform of the car, but, as he had some paint brushes and pails with him, being a painter by trade, he was ordered by the conductor to go onto the front platform, and ride there, which he did. The defendant the Houston, West-Street & Pavonia Ferry Railroad Company has a single-track railroad in East Thirty-Sixth street, which crosses the Second-Avenue Railroad Company's tracks, and is used by the former for eastward-bound cars only.  The crossing of Second avenue at Thirty-Sixth street is approached from the west upon a down grade of 2 feet 4 1-5 inches in 100 feet.  As the Second-Avenue car, upon which the plaintiff was riding, as aforesaid, neared the crossing at Thirty-Sixth street, one of the cars of the defendant the Houston, West-Street & Pavonia Ferry Railroad Company was also approaching said crossing, going east on the down grade, and at about twice its usual speed, to-wit, "about twelve miles an hour," as testified by Donohue, the driver of said car.  Further evidence of said driver on this point is as follows: "I tried to put on the brake, and found there was something the matter.  I did not know what was up.  I knew there was something not in good order."  It appears from other evidence in the case that the failure of the brake to work was due to a broken brake-rod, a part of the gear to which is applied the general term of "brake," and necessary to its effective operation.  It further appears from the evidence that an examination of the broken rod disclosed a flaw in the iron, which was the cause of its breaking. Donohue's car being unmanageable, and the Second-Avenue car approaching the crossing at ordinary speed, Donohue shouted to the driver of the Second-Avenue car, who whipped up his horses, thinking to get over the crossing without a collision with the Thirty-Sixth street car, but the Thirty-Sixth street car struck the rear of the Second-Avenue car, and the plaintiff was thrown to the ground and injured.  He was taken to a hospital, where he remained under treatment for about five weeks, and, after leaving the hospital, he was under medical care for some considerable time.  There is evidence to justify the conclusion that he is parmanently injured in such a way as to cause deformity, and practically incapacitated for labor.  Before the accident he was earning $3 a day in wages for painting.  The action was tried before a jury, and a verdict rendered in favor of the plaintiff, and against both the defendants, for the sum of $15,000.  From the judgment entered on this verdict, and from the orders denying the motions of the respective defendants for a new trial, both defendants appeal.

The defendant the Second-Avenue Railroad Company claims that the complaint should have been dismissed as to it, on the ground that the evidence fails to show that it was guilty of any negligence.  The evidence is conflicting on the question of the negligence of the driver of the Second-Avenue car, but we think the evidence was amply sufficient to warrant the court in submitting the question to the jury.  Three expert drivers, including Donohue, the driver of the Thirty-Sixth street car, testified that the driver of the Sec-

-ond-Avenue car might have averted the collision by stopping his horses and
-car. These experts all agree that either of the cars in question, at the points
they were moving at the time under consideration, with the brakes in good
-order, could have stopped within the space of 5 or 6 feet. The plaintiff's ev-
idence places the Second-Avenue car at least 30 to 50 feet from Thirty-Sixth
-street track, when the Second-Avenue driver saw, or should have seen, the
Thirty-Sixth street car approaching the crossing at unusual speed. It shows
that, when the Second-Avenue car was this distance away from the crossing,
Donohue, the driver of the Thirty-Sixth street car, shouted to the Second-
Avenue driver, who had his face turned towards the east, and was not look-
ing ahead. This evidence clearly indicated a neglect of duty on the part of
the Second-Avenue driver. He was nearing a crossing, where, if a car was
to be met with at all, it must come from the west, and yet he was looking
towards the east, heedless of possible peril that might be encountered at the
-crossing directly in front of him, by the rapid advance, on the down grade,
-of a Thirty-Sixth street car. The question this evidence presents is not,
"Did he (the Second-Avenue driver) do the best he could when the peril was
upon him?" but it is, "Did he exercise that care and caution which the law
imposed upon him to avert the peril?" It was the duty of this driver to be
vigilant in observing the crossing immediately in front of him, and the pos-
sible approach of a Thirty-Sixth street car, that collisions might be avoided.
*Mangam* v. *Railroad Co.*, 38 N. Y. 455, 456; *Murphy* v. *Orr*, 96 N. Y. 14;
*Barrett* v. *Railroad Co.*, 45 N. Y. 628. Where, from the circumstances
shown, inferences are to be drawn which are not certain and uncontroverti-
ble, and as to which persons might differ, it is for the jury to decide. See
*Hart* v. *Bridge Co.*, 80 N. Y. 622; also see *Flynn* v. *Railroad Co.*, 15 N. Y.
Supp. 328. "On the question of nonsuit, all disputed facts are to be decided in
favor of the plaintiff, and all presumptions and inferences, which he had a right
to ask from the jury, are to be conceded to him." *Ward* v. *Railroad Co.*, 33 N.
Y. Super. Ct. 395. Applying this doctrine to the present case, it would clearly
have been error had the court below dismissed the complaint as against the
-defendant, the Second-Avenue Railroad Company; for, if the testimony of
the plaintiff were to be taken uncontradicted, the evidence unquestionably
shows negligence on the part of the Second-Avenue Railroad Company's
driver.

The evidence raised an issue of fact as to the direction in which the driver
-of the Second-Avenue car was looking as he approached the crossing, and
the distance he was therefrom when the unmanageable condition of the Thirty-
Sixth street car should have been observed by him. What the driver of the
Second-Avenue car did, and what he failed to do that he ought to have done,
were questions of fact for the jury, to be determined upon all the evidence,
which determination necessarily affected the verdict, and they were properly
left to the jury. It was for the jury to say whether the Second-Avenue
driver exercised the care required of him, under the circumstances. The in-
structions to the jury by the court below on the degree of care necessary on
the part of the Second-Avenue Company were favorable to that defendant.
The Second-Avenue Railroad Company owed to the plaintiff, its passenger,
the highest degree of care, and was liable for slight neglect. *Maverick*
v. *Railroad Co.*, 36 N. Y. 378, 381; *Ganiard* v. *Railroad Co.*, 2 N. Y. Supp.
470.

Is there sufficient evidence to warrant the court in submitting to the jury
the question of negligence on the part of the other defendant, the Houston,
West-Street & Pavonia Ferry Railroad Company? The evidence is uncon-
tradicted that when the car of this defendant was moving eastward on Thirty-
Sixth street, on the down grade, at the time in question, and within about 70
feet of the Second-Avenue crossing, it became unmanageable, and rushed
towards the crossing at a speed of about 12 miles per hour, twice the usual

rate. No negligence can be imputed to the driver of this car. He showed courage in standing to his post in the face of imminent danger. He shouted to the driver of the Second-Avenue car, tried to put on the brake, and apparently did everything in his power to avoid the accident. Had the brake been in order, he could have stopped the car, and prevented the collision. But the unusual and unlawful rate of speed at which this car was moving just before reaching a crossing; the failure of the brake to perform its functions; the fact that it was a large car, with two horses, and that there was no person in charge except the driver; the fact that there was a rear brake that might have been applied, if there had been a conductor on the car,—are all circumstances which, together with the other evidence in the case, were for the consideration of the jury on the question of the negligence of this defendant, and afforded good grounds for the refusal of the court to dismiss the complaint as to this defendant, the Houston, West-Street & Pavonia Ferry Railroad Company. See *Seybolt* v. *Railroad Co.*, 95 N. Y. 562; *Palmer* v. *President, etc.*, 120 N. Y. 170, 24 N. E. Rep. 302; *Breen* v. *Railroad Co.*, 109 N. Y. 297, 16 N. E. Rep. 60; *Holbrook* v. *Railroad Co.*, 12 N. Y. 236, 242; *Worster* v. *Railroad Co.*, 50 N. Y. 203; *Ganiard* v. *Railroad Co.*, 2 N. Y. Supp. 470. The case of *Palmer* v. *President, etc.*, *supra*, is very similar in some respects to this case. That was an action for damages for personal injuries, and on the trial it was shown that part of the machinery of the defendant's car, to-wit, the bell-rope, which was attached to the engine and ran through the car, struck the plaintiff in the eye, and caused the injury. Plaintiff proved that the severance, through the occurrence of which the bell-rope was made to strike the plaintiff, was caused by the breaking of the spindle of the draw-bar on the forward end of the car next to the engine; that this spindle was an iron rod an inch and five-eighths in diameter, and at the point where it broke there was a flaw three-fourths of an inch in depth. Defendant proved that the spindle, when on the car, was not accessible to observation or inspection, and gave evidence tending to prove that, for the purpose of an examination, it was necessary to put the car in the shop, and take out the draw-bar, which it was not customary to do frequently; that the spindle and draw-heads of the bar had been renewed two years before; that they were made of the best wrought-iron, and the vibration and strain was not such, when the car was in use, to require frequent examinations; that such a spindle had never been known to break by use, and that the period of availability of a car for use is ordinarily 25 years. The court submitted to the jury the question whether defendant had failed to perform its duty in regard to inspecting the draw-bar so as to ascertain whether it was or remained in suitable condition for use, and the court of appeals held that it was not error. The court of appeals held further that "whether the system of inspection and the manner of its execution are all that may be required of the carrier cannot be measured by any rule of law to be applied by the court, but ordinarily must be a question of fact, in view of the circumstances appearing by the evidence."

Applying this doctrine to the case at bar, the court below was justified in submitting the question raised by the broken rod of the Thirty-Sixth street car to the jury. The broken rod was produced in court. Witnesses were examined as to the quality of the iron of which it was made, the character of its construction, the degree of care exercised by the defendant the Houston, West-Street & Pavonia Ferry Railroad Company in inspecting the rod and car from time to time; and, under proper instructions from the court as to the duty of this defendant to the public in these matters, the question of this defendant's negligence, contributing to the accident, and being one of the proximate causes of damage to the plaintiff, was fairly submitted to the jury. We think the evidence justified the conclusions of the jury on this question, and that no good reasons appear in this branch of the case for disturbing the verdict

As to the contention raised by one of the defendants, that if negligence was proved against the other defendant the first defendant should have had the complaint dismissed as to it, we see no force in this argument; for the comparative degrees in the culpability of the two defendants will not affect the liability of either. If both were negligent in a manner contributing to the result, they are liable jointly or severally. See *Barrett* v. *Railroad Co.,* 45 N. Y. 628. The evidence fails to show any contributory negligence on the part of the plaintiff. The fact that he was standing on the front platform was not negligence, (see *Nolan* v. *Railroad Co.,* 87 N. Y. 63,) especially as he was directed to do so by the conductor of the Second-Avenue car. We have carefully examined the questions raised by exceptions taken to the admission and exclusion of evidence in the progress of the trial, and find no error in any of the rulings that can be held to be prejudicial to the defendants or either of them.

It is strenuously urged by the defendant the Houston, West-Street & Pavonia Ferry Railroad Company that it was error to allow the defendant the Second-Avenue Railroad Company to contradict Donohue, the driver of the Thirty-Sixth street car, by showing statements made by him, previous to the trial, to Police Sergeant McDonough, in regard to the condition of the brake, inconsistent with his direct evidence upon this point. Either defendant had a right to test the credibility of Donohue in any legal way. Donohue was a witness for the plaintiff, and he testified that he did not know that there was anything the matter with his brake until within about 100 feet from where the collision occurred. The proper foundation for the interrogatories to Sergeant McDonough was laid by inquiries of Donohue, calling his attention to time and place, and he denied that he had made any such statements. This question was also put to Sergeant McDonough: "*Question.* Did or did not the driver of the Avenue C car, [Thirty-Sixth car,] when he was before you, state that the driver of the Second-Avenue car was in no way in fault, was not to blame for the accident, and did what he could to avoid it?" An objection to this question was made by the defendant the Houston, West-Street & Pavonia Ferry Railroad Company, and in ruling upon the objection the court said, "The objection of the Houston-Street road is sustained, and the evidence is not to be considered as against that road." The court permitted the witness to answer the question, and the defendant the Houston, West-Street & Pavonia Ferry Railroad Company duly excepted. The court distinctly charged the jury that the testimony of the police sergeant as to what the witness Donohue said, could be considered by the jury only for the purpose of affecting the credibility of Donohue as a witness. As to the defendant the Houston, West-Street & Pavonia Ferry Railroad Company, this evidence is not admissible, and it cannot be said that the direction of the court to disregard it entirely cured the defect of its admission. But this testimony was brought into the case by one of the defendants, and against the opposition of the plaintiff, and should not be allowed to defeat the plaintiff's claim against the defendant the Houston, West-Street & Pavonia Ferry Railroad Company, which is fully established by other and competent evidence. The error is not such a one, when considered together with the whole case, as to call for a reversal of the judgment, upon the ground that substantial justice requires it. See Code Civil Proc. § 1003; *Carley* v. *Railway Co.,* 1 N. Y. Supp. 63. The charge of the learned trial judge, when considered as a whole, is correct, and no error of substance was committed in the manner in which he submitted the case to the jury. The injuries the plaintiff received were such that he never can stand erect, must carry a physical deformity through life, always suffer more or less pain, and continue physically incapacitated for labor. The damages are not, therefore, excessive. For the reasons above stated, the judgment and orders appealed from are affirmed, with costs.