Gildersleeve, J.
This action is for personal injuries alleged to have been sustained by the plaintiff through the negligence of defendant’s servants.
The defendant first challenges the judgment upon the ground that this court has no jurisdiction either of the person of the defendant or the subject of the action. At the time the injuries complained of were received and at the date of the bringing of the action, the plaintiff was a resident of Brooklyn, the defendant was a foreign corporation and the cause of action accrued in the state of New Jersey.
This question was first raised by the defendant at Special Term. Judge McAdam decided it adversely to the defendant’s contention, and we concur in the result that he reached, for the reasons set forth in his opinion (27 Abb. N. C. 31), from which we quote with approval: .
“ The defendant claims that, because the injury was inflicted in New Jersey, and the defendant is a corporation created under the laws of that state, this court has no jurisdiction, and that to obtain it against a foreign eorp< nation, two things must concur : First, the plaintiff must not only be a resident of the state, but of the city of New York. Second, the cause of action must have arisen within the state of New York. The argument is based on the phraseology of subdivision 7 of section 263 of the Code, which, in view of other legislation, is in some respects confusing. Section 1780 provides that c an action against a foreign corporation may be maintained by a resident of this state * * * for any cause of action.’ This section is a codification of section 427 of the former Code, which provided ‘ that an action against a corporation created by or under the laws of any other state * * * may be brought in the Supreme Court, the Superior Court of the city of New York, or the Court of Common Pleas for the city and county of New York, by a resident of this state for any cause of action.’ So that, prior to the new Code, jurisdiction of actions like the present, both as to parties and subject-matter, was clearly vested in this court. The jurisdiction so conferred was permanently continued by the pro *510 visions of the judiciary article of the Oonstitution, as amended in 1869 (art. 6, § 12), and if section 263 of the Code revision, or any subdivision thereof, in any manner limits or abridges the jurisdiction which the court possessed at the time the revision went into effect, it is to that extent unconstitutional , and void. Popfinger v. Yutte; 102 N. Y. 38. The right of action is transitory (McIvor v. McCabe, 16 Abb. Pr. 319; Home Ins. Co. v. Penn. R. R. Co., 11 Hun, 182; Barney v. Burnstenbinder, 7 Lans. 210; 64 Barb. 212), and if process is, as it was here, legally served within the county, the jurisdiction of this court, both as to subject-matter and parties, is complete. In Brooks v. Mexican N. C. Co., 49 N. Y. Super. Ct. 234; 50 id. 281, and Robinson v. Oceanic S. N. Co., 56 id, 108; 112 N. Y. 315, the plaintiffs were nonresidents of the state, a feature that distinguishes those cases from the one at bar, for the plaintiff here is a resident of Brooklyn in this state. In Brooks v. Mexican N. C. Co., 49 N. Y. Super. Ct. 234, section 263 of the Code was discussed, and it was doubted whether this court could take jurisdiction against the force of its provisions. The constitutional objection to that section was neither discussed nor decided. That phase of the question is squarely presented now, and, as the objection is unanswer- ■ able, it must be met and sustained. The opinion of the Court of Appeals, in Robinson v. Oceanic S. N. Co., 112 N. Y. 315, supra, read in connection with that in the case of Popfinger v. Yutte, 102 N. Y. 38, supra, clearly sustains the jurisdiction of the court as to both subject-matter and parties.”
Upon the trial all questions in dispute were submitted to the jury, under a very fair and comprehensive charge, which, as a whole, fully protected the defendant’s rights.
Many exceptions were taken by defendant’s counsel to the charge and to refusals to charge, all of which we have examined and find none of sufficient merit to call for discussion here.
The jury found for the plaintiff. There was no error in the admission or exclusion of evidence; and, upon a consideration of the whole case, it cannot be held that the verdict is ■against the weight of evidence.
*511 It is a case of conflicting evidence which falls within the rule that the verdict of the jury should not be disturbed, unless there was error in the course of the trial.
The judgment and order appealed from are affirmed, with costs.
Dug-bo, J., concurs.
Judgment and order affirmed.