EDWARD PALMER, Respondent, *v.* THE NEW YORK AND LAKE CHAMPLAIN TRANSPORTATION COMPANY, Appellant, Impleaded with THE LAKE CHAMPLAIN TRANSPORTATION COMPANY.

*Statutory rule of navigation — conflicting local custom — negligence — action against two defendants — error in the admission of evidence offered by one defendant, available to the other defendant as against the plaintiff.*

The statutory rule (U S R. S. § 4233, rule 22) that any "vessel overtaking any other vessel shall keep out of the way of the last-mentioned vessel," cannot be controlled by a conflicting local custom on Lake Champlain, that when one tug overtakes another the latter must slow up and allow the former to pass.

In view of the existence of the contrary statutory rule, the failure of a tug on Lake Champlain to obey such local custom, when overtaken by another tug, and slow up and allow the other tug to pass, does not constitute negligence, so as to render the owner of such overtaken tug liable on that ground, in an action for damages for a personal injury sustained by a person on a canal boat in tow of such overtaken tug.

An error in the admission of evidence offered by one of two defendants in an action brought to recover damages for negligence, over the objection and exception of the other defendant, is available to such objecting defendant as against the plaintiff, on appeal from a judgment entered upon a verdict in favor of the plaintiff, when such erroneous evidence was received generally in the case as to all the parties, and the jury was not instructed to disregard it as against the objecting defendant, and the probable effect of the evidence, and of the charge of the court in reference thereto, was to influence the verdict.

APPEAL by the defendant, The New York and Lake Champlain Transportation Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Clinton county on the 6th day of April, 1893, upon a verdict rendered at the Clinton Circuit, and from an order denying said defendant's motion for a new trial made upon the minutes.

*J. S. Potter*, for the N. Y. and L. C. T. Co., appellant.

*Smith, Weeds & Conway*, for Lake Champlain Transportation Co.

*L. L. Shedden*, for the respondent.

PUTNAM, J.:

On May 19, 1891, the New York and Lake Champlain Transportation Company's tug boat, *Robert H. Cook*, left Whitehall with a

tow of canal boats and was shortly followed by the tug boat *E. C. Baker*, owned by the Lake Champlain Transportation Company, also with a tow of canal boats, among which was plaintiff's. The *Baker* shortly came up with the *Cook* and gave two blasts of the whistle as a signal that it desired to pass on the left-hand side of the *Cook*. The *Cook* answered by a similar signal which signified an answer to the request of the *Baker*. Thereupon the *Cook* moved over to the right-hand or Vermont side as near as possible to the shore, continuing at the same rate of speed as before. When the boat reached a place called Maple Point where the channel turns and is quite narrow the *Baker* was 500 feet ahead of the *Cook*, and the canal boat of plaintiff was opposite and near that tug. In turning Maple Point the hawser of the *Cook* was drawn with great force against plaintiff's boat and flew over the bow, striking the plaintiff and causing the injury for which this action is brought.

Plaintiff brought this action against the two transportation companies and recovered judgment against both for $1,500 and costs. The New York and Lake Champlain Transportation Company alone appeals.

It was alleged on the trial, and plaintiff claims on this appeal, that at the time of the accident the two boats were racing. But on a careful examination of the testimony we do not find that it sustains this position of the respondent. The evidence shows that after the *Baker* made its signal of a desire to pass the *Cook* that boat proceeded at the same rate of speed as before, which is variously estimated at from three to five miles an hour.

Were it not for the testimony which was allowed to be introduced by the court in regard to the local custom on Lake Champlain, that when one boat overtakes another the latter slackens its speed and allows the former to pass, the evidence does not establish a very clear case of negligence against appellant. When signalled by the *Baker* the *Cook* passed over to the right-hand side of the channel as near the bank as possible so as to give room for the *Baker* to pass, and proceeded on its way at the same rate of speed as before. It is urged with much force that the accident to plaintiff was caused by the *Baker* and its tow (including plaintiff's boat) running into the *Cook* while that tug was lawfully proceeding on its voyage, in violation of the provisions of rule 22, section 4233, United States

Revised Statutes, "*Every vessel overtaking any other vessel shall keep out of the way of the last-mentioned vessel.*" (See 16 Am. & Eng. Ency. of Law, 300, 301.)

Perhaps, however, without the testimony as to the local custom above referred to, there was evidence in the case authorizing the submission to the jury of the question of appellant's negligence at the time of the accident. At that time the *Baker* was 500 feet ahead of the *Cook*, and although, under the rule above quoted, the *Cook* had the right of way, yet its captain, seeing that a collision with the tow of the *Baker* was probable, it may have been his duty to stop or back up his boat. The fact that the *Baker* had violated the provisions of the statute did not absolve the captain of the *Cook* from the duty of taking the utmost care, and, seeing that a collision was likely to occur, as he must have, possibly he should have stopped or slowed up his boat. (See 16 Am. & Eng. Ency. of Law, 314, 315 ; *Cooper* v. *The Eastern Transportation Company*, 75 N. Y. 116.)

With the testimony as to the local custom above referred to in the case, however, if such custom was controlling the negligence of the appellant was clearly shown. In that view of the case the accident was caused by the *Cook's* failing to follow such custom. Had the tug slowed up when signalled, the *Baker* and its tow would have passed long before reaching Maple Point.

This evidence then, in regard to the custom of boatmen navigating Lake Champlain, being important in the case, and doubtless having influenced the verdict, it becomes necessary to consider the exception of the appellant to the reception of the evidence showing such custom and the charge of the judge in relation thereto.

On the trial the following questions were asked and answers given, the objections of appellant thereto being overruled : " Q. What is the custom among men engaged in the transportation business on Lake Champlain, captains of towing boats, with reference to allowing a steamer to advance after she has signalled her intention to pass, what is the custom with reference to slackening speed ? A. The custom is, if we overtake a boat like that where it is crooked and not fit to hang on ; if we come into a straight place then we choose the side, and if they answer we usually lay over and let them pass before we get to another bad spot ; if the steamer *Cook* had

slackened her speed in the long reach there would have been suffi-
cient room for the *Baker* to have passed clear."

To another witness the following question was asked : " Q. When
you say you understood it to be the duty of the overtaking boat to
keep out of the way of the other boat, do you also understand that
that duty is qualified by the custom on Lake Champlain that the
forward boat shall slacken its speed ? A. Yes, sir." These ques-
tions were properly objected to by the appellant.

The court charged the jury in reference to the custom as follows :
" I charge the jury that if you find there was such a custom existing
on Lake Champlain, the officers of the *Baker* had a right to rely on
that being observed by the officers of the *Cook*." The appellant
excepted.

The reception of this evidence and the charge above quoted was,
in effect, a ruling by the court that it was the duty of the appellant
to obey the local custom, and such custom in fact rendered it unnec-
essary for the *Baker* to obey the statutory rule above quoted.

We are unable to agree with the view taken by the learned trial
judge. By the statutory rule, any vessel overtaking any other vessel
shall keep out of the way of the last-mentioned vessel. In other
words, the *Baker* overtaking the *Cook* was bound to keep out of its
way. But the custom proved was in direct conflict with such rule.
By the custom, when any tug overtakes another, the latter must get
out of the way of the former, must slow up and allow the former to
pass. We understand it to be well settled that a rule of law cannot
be qualified or changed by a local custom. ( *Wright* v. *Boller*, 42
Hun, 77 ; *West et al.* v. *Kiersted*, 15 Wkly. Dig. 549 ; *Walker* v.
*Trans. Co.*, 3 Wall. 150 ; *Homer* v. *Dorr*, 10 Mass. 25 ; *The Clem-
ent*, 2 Curtiss, 363 ; *Case* v. *Perew*, 34 Hun, 130.)

The case last above cited is very nearly in point. The action
was brought to recover damages sustained by the plaintiff in conse-
quence of defendant's propeller running into his canal boat in the
harbor of Buffalo creek. To show plaintiff's contributory negli-
gence, defendant offered evidence to show that the persons in charge
of plaintiff's boat did not obey the city ordinance in regard to lights
on said boat. Plaintiff was permitted to show a local custom not to
light canal boats. The court remarked : " The omission of other
parties to observe this ordinance is no legal excuse for the plaintiff

in omitting to comply with its requirements.  If the plaintiff failed to keep the out-port light, as required by the ordinance, it tended to prove negligence on his part, and the receipt of the evidence objected to was practically a ruling by the court, and the jury must have so understood it, as excusing the plaintiff's violation of the ordinance, if there was in fact an omission to display the light required by the ordinance."

So, in this case, by reason of the evidence as to the custom, and from the charge, the jury must have understood that the local custom was controlling, and that the appellant, in failing to obey said custom, was negligent.

Had there been no rule established by statute as to the course to be taken by one vessel overtaking another, doubtless the local custom on Lake Champlain could have been properly proven.  (*The City of Washington*, 92 U. S. 31.)

But the respondent claims that the evidence in regard to the custom was offered by appellant's co-defendant, and not by him, and, hence, appellant's objection to the introduction of such evidence is not available against the plaintiff on this appeal; and he cites *Schneider* v. *Second Ave. R. R. Co.* (39 N. Y. St. Repr. 375). That case, however, was different from this.  The objectionable evidence in that case was not received as against the party objecting.  The jury was charged that such party was not affected by such evidence.  The conclusion of the court was, however, that the evidence in question was improperly received, but that under all the circumstances of that case, the plaintiff's cause of action being fully established by other satisfactory evidence, the error of the trial court was not such as to require a reversal of the judgment under the provisions of section 1003, Civil Code.

Here the evidence was received generally in the case as to all the parties over appellant's objection.  The jury were not instructed that the objectionable evidence was not to be considered as against appellant, as in the case last cited.  And the court in its charge, which affected all the parties to the action, instructed the jury that the officers of the *Baker* had a right to rely on the custom being observed by the officers of the *Cook*.  In other words, that the latter were required to obey the custom.  Although the plaintiff

did not introduce the evidence as to the custom or request the charge above referred to, the effect of such evidence and charge being in all probability to influence the verdict we think a new trial should be granted. The plaintiff's position is like that of a party where a trial judge asks of a witness an improper question which is objected to and the objection overruled and an exception taken. If such exception is well taken a new trial will be granted on account of the error of the court, although such error occurred without any fault on the part of the party.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.