EDWARD PALMER, Respondent, *v.* THE NEW YORK AND LAKE CHAMPLAIN TRANSPORTATION COMPANY, Appellant, Impleaded with THE LAKE CHAMPLAIN TRANSPORTATION COMPANY.

*Negligence in the management of towboats — facts which do not establish it.*

In an action brought by the owner of a canal boat against a transportation company to recover damages resulting from personal injuries to such owner alleged to have been caused by the negligence of the transportation company, the evidence tended to show that the tug *Cook,* operated by the defendant, was proceeding with a tow up Lake Champlain and was followed by the tug *Baker,* also drawing a tow in which was the plaintiff's boat; that there was a sharp turn in the lake known as Maple Bend, where the channel was about 150 feet wide; that the channel at this point turns east and then west; that the passage at one time of the two tows around Maple Bend was dangerous; that the *Baker,* shortly before reaching Maple Bend, slowly overtook the *Cook,* and blew proper whistles, to which a reply was received and proper action taken under the rules, which in such cases require that a vessel overtaking another shall keep out of its way, while the first vessel shall keep its course; that the *Cook* kept its course, except that it deviated to the east as far as was safe, giving the *Baker* more room; that in turning Maple Bend the plaintiff's boat was brought by the *Baker* with great force against the hawser of the *Cook;* that the hawser slipped, flew over the bow of the plaintiff's boat and caused the injuries complained of.

*Held,* that upon these facts there was no proof of negligence upon the part of the *Cook;*

That the accident resulted from the fact that the *Baker* propelled the plaintiff's boat against the hawser of the *Cook,* a matter which the *Cook* could not prevent except by going still farther to the east — an act which would have exposed her own tow to the danger of running ashore.

APPEAL by the defendant, The New York and Lake Champlain Transportation Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 7th day of December, 1894, upon the verdict of a jury rendered after a trial at the Clinton Circuit, and also from an order entered in said clerk's office on the 30th day of November, 1894, denying the defendant's motion for a new trial made upon the minutes.

*J. Sandford Potter,* for the appellant.

*L. L. Shedden,* for the respondent.

HERRICK, J. :

This is an appeal by the defendant, The New York and Lake Champlain Transportation Company, from a judgment and order denying a motion for a new trial.

At about noon on the 9th day of May, 1891, the tugboat *Robert H. Cook*, owned and operated by the appellant, left Whitehall, N. Y., with seventeen canal boats, going north through Lake Champlain.

About fifteen minutes thereafter the tugboat *E. C. Baker*, owned and operated by the defendant, The Lake Champlain Transportation Company, left Whitehall, N. Y., with fourteen canal boats in tow, bound northward to the same port as the first-mentioned tugboat ; the canal boat of the plaintiff was in the second-mentioned tow.

About seven miles from Whitehall there is a sharp turn in the lake known as Maple Bend ; at that point the channel is about 150 feet wide; it turns to the east, then again to the west.

Before reaching Maple Bend there is a stretch of the lake of about one and a half miles of straight water known as Long Reach.

The *Baker* overtook the tow in charge of the *Cook* at the head of Long Reach, and then gave two blasts with her whistle, that being the signal that she desired to go to the left-hand side of the *Cook*. The *Cook* answered by a similar signal, which signified an answer to the request of the *Baker ;* the *Cook* thereupon moved over to the right hand, and as near as possible to the shore, continuing at the same rate of speed as before. The *Baker* gradually passed the *Cook*, and when Maple Bend was reached was about 500 feet ahead of the *Cook*. The hawser of the *Baker* was from 150 feet to 175 feet long. A canal boat is about ninety-eight feet in length.

The plaintiff's boat was in the third tier of boats in the *Baker* tow, and on the right-hand, or Vermont side of said tow.

Thus, while the *Baker* itself, at the time of turning Maple Bend was some 500 feet ahead of the *Cook*, a portion of the boats it was towing were opposite the *Cook* and a portion of the boats in its tow.

The evidence shows that the passage of two tows of boats, at the same time, around the sharp turns of Maple Bend is dangerous.

In turning Maple Bend the hawser of the *Cook* came with great force against the plaintiff's boat, and then slipped and flew over the bow, striking the plaintiff, and causing the injury for which this action is brought.

The evidence shows that the *Cook* had gone as far to the east shore as it possibly could without running aground, and indicates also that the *Baker*, in endeavoring to pass the *Cook* and its tow of boats, in the sharp turn at Maple Bend, drew the boat of the plaintiff against the hawser connecting the *Cook* with its tow of boats.

The rules of the United States for steam vessels navigating waters of the United States were introduced in evidence, three of them being as follows :

Rule 22. " Every vessel overtaking any other vessel shall keep out of the way of the last-named vessel."

Rule 23. " Where by rules 17, 19, 20 and 22 one of two vessels shall keep out of the way, the other shall keep her course subject to the qualifications of rule 24."

Rule 24. " In construing and obeying these rules due regard must be had to all dangers of navigation, and to any special circumstances which may exist in any particular case, rendering a departure from them necessary in order to avoid immediate danger." (U. S. Rev. Stat. § 4233.)

This case has been once before tried, when a verdict was rendered against both defendants ; the present appellant then appealed to this court ; the Lake Champlain Transportation Company did not appeal. Upon the former appeal this court said : " Were it not for the testimony which was allowed to be introduced by the court in regard to the local custom on Lake Champlain, that when one boat overtakes another, the latter slackens its speed and allows the former to pass, the evidence does not establish a very clear case of negligence against appellant." (76 Hun, 181, 182.)

And it was then held that evidence of the local custom was improperly admitted upon the trial, and the judgment was reversed and a new trial granted, which resulted in the judgment now here for review.

Upon careful examination of the evidence in this case I fail to find sufficient evidence of negligence on the part of the appellant to sustain the judgment.

It seems to me that the accident in question resulted from the effort of the *Baker* to pass the *Cook* and its tow in a place where it is dangerous to make any such attempt.

The navigation rules offered in evidence provide that every vessel overtaking another vessel shall keep out of the way of the last-named vessel, and that the last-named vessel shall keep her course subject to the qualifications of rule 24; the qualifications of rule 24 are that, in construing and obeying the previous rules, due regard must be had to the dangers of navigation, and to any special circumstances which may exist in any particular case, rendering departure from them necessary in order to avoid immediate danger.

The only special circumstance in this case was, that the channel was somewhat narrow, and the tugboat *Cook*, instead of keeping her course as provided for by rule 23, departed therefrom to the right or east side of the lake, thereby giving the *Baker* more room to pass upon the left as she desired to do. The *Cook* went as far as possible to the east; she could go no further without running aground; there is no evidence that she was going at an undue rate of speed; there is nothing in the law which required her to stop in order to let the *Baker* pass, neither was there any obligation resting upon her to do so.

If, when Maple Bend was reached, she had then stopped, the testimony shows that such stoppage would have resulted in a collision. She did not run into the plaintiff's boat; the plaintiff's vessel was run into her hawser by the *Baker*; the *Cook* could not avoid it except by running ashore or endangering her own line of boats; it was not bound to do either.

Upon the whole case I fail to find any evidence of negligence upon the part of the appellant.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

PUTNAM and FURSMAN, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the event.