Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

I. & J. M. Lawson, for plaintiffs.

Rosendale & Hessberg, for the Savings Bank.

Albert Rathbone, for M. H. Rochester, Administrator.

PARKER, P. J. I am of the opinion that the deposit by James C. Bell of the money in bank to the credit of his wife, Alida P. Bell, and himself, with the provision that either of them, or the survivor of them, was to draw it, imports a gift to the wife in case she survives him, and that delivery of the pass book to her by the husband was not necessary to perfect such gift. The principle decided in Sanford v. Sanford, 45 N. Y. 723, and again in 58 N. Y. 69, seems to be applicable to the facts before us, and to so hold. See, also, Fowler v. Butterly, 78 N. Y. 68, 72; Scott v. Simes, 10 Bosw. 314.

The intent of the husband to that effect is very plain, and it seems that the wife had been informed of his purpose, and expected to receive the benefit of it. The only question is whether he had fully perfected the gift by the delivery which the law requires. None of the cases cited by the plaintiffs' counsel are necessarily in conflict with the principle decided in the cases above cited, and I consider them authority for the conclusion which I reach.

A judgment should be entered directing that, upon the death of James C. Bell, the balance in the bank to the credit of himself and Alida P. Bell became the property of Alida P. Bell, and that, upon her death, the defendant Rochester became entitled to the same as assets of her estate. All concur.

---

(8 App. Div. 615)

PALMER v. NEW YORK & L. C. TRANSP. CO. et al.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

NEGLIGENCE —EVIDENCE—COLLISION.

   Where plaintiff, while on a canal boat in tow of the tug B., was injured in consequence of the effort of the B. to pass the tug C. in a place where it was dangerous to make the attempt, and the C. did all it could to prevent a collision, plaintiff cannot recover from the owner of the C., though the tugs were racing at the time.

Appeal from circuit court, Clinton county.

Action by Edward Palmer against the New York & Lake Champlain Transportation Company and another for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $1,500, defendant New York & Lake Champlain Transportation Company appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Potter & Lillie (J. Sanford Potter, of counsel), for appellant.

Shedden & Booth (L. L. Shedden, of counsel), for respondent.

HERRICK, J. This case has twice been before the court upon appeal. 76 Hun, 181, 27 N. Y. Supp. 561, and 88 Hun, 509, 34 N.

Y. Supp. 908. The facts are substantially set forth in the opinion in 88 Hun, 509, 34 N. Y. Supp. 908, and it is unnecessary to restate them here. The only substantial differences that are claimed to exist in the facts now before us from those when last before the court are, it is claimed, that it now appears that the boats Baker and Cook were racing at the time of the accident, and that, also, just prior to the occurrence of the accident, the Cook turned in towards the middle of the channel, thus bringing her hawser across the bow of the plaintiff's boat. The evidence, while it may be said as tending to establish that the boats were in fact racing, does not show that they were going at a greater rate of speed than was testified to upon the last preceding trial. And while the plaintiff testified that the Cook turned in towards the middle of the channel just prior to the accident, he also testifies that at that point the channel kept getting narrower, and that the boats kept getting nearer and nearer together; and that is what he meant in saying that the Cook turned in towards the middle of the channel. So that practically the facts presented here upon this appeal are not different from those before presented.

It is contended that the accident happened through the concurring negligence of the Baker and the Cook, and, assuming that the action of the Baker was in violation of the rules of navigation, and was the primary cause of the accident, yet it is contended upon the part of the plaintiff that the defendant did not discharge its whole duty in not seeking to avoid the result of the Baker's action; that it becoming manifest, or probable, that a collision would occur if both boats continued in their course; that the defendant did not take proper care and precaution to avoid the impending collision; that, seeing that the Baker was insisting in continuing in its course, refusing to slow up, and persisting in its endeavor to pass the Cook at a place where it was dangerous so to do, it was incumbent upon the Cook to take such precautions, even to the extent of waiving what might be termed its legal right of way, as would prevent the tows coming together. Assuming it to be the duty of the Cook, when it found that the Baker was persisting in its endeavor to pass at a point where it was dangerous to do so, it then remains to be seen as to whether it could do other than it did do for the purpose of preventing any collision between the boats. The weight of the testimony, I think, establishes, as it did before, the fact that the Cook continued as near to the Vermont shore as it was possible to do without running aground. The testimony is that it was digging the mud from the bottom; that it only departed from its course in following the channel as it grew narrower.

It is contended, however, upon the part of the plaintiff, that it should have slowed up sufficiently to avoid the danger; and there is some testimony upon the part of the plaintiff's witnesses that the Cook made no effort to reduce its speed. But other evidence tends to prove, and I think establishes, that the speed of the Cook was reduced, and that it could not be further reduced without the tow "kicking up," to use the language of the boatmen testifying, and thus be brought into collision with the tow of the Baker, or running

aground in the shallow water of the Vermont side of the channel. I am inclined to think that the preponderance of testimony shows that the navigator of the Cook did not do anything but what could reasonably be expected of him under the circumstances.

For these reasons, I think the judgment should be reversed, and a new trial granted, costs to abide the event. All concur.