THE PRUDENCE. THE NORFOLK. THE N. Y., P. & N. R. R. BARGE NO. 14.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1913.)

No. 1,130.

1. COLLISION (§ 95*)—FAULT—ANCHORING TOW IN CHANNEL AT NIGHT.

A tug which stopped her tow of four barges in Elizabeth river on a dark and stormy night and proceeded to anchor the same, so that under the circumstances of wind and weather they in effect occupied the entire channel, *held* in fault for a collision between one of them and an incoming tow. The injured barge also *held* in fault for failing to put out her anchor lights.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 200–202; Dec. Dig. § 95.*]

---

*For other cases see same topic & § NUMBER in.Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. ADMIRALTY (§ 70\*)—COLLISION (§ 121\*)—SUIT FOR DAMAGES—PROOF AND VARIANCE.**

In admiralty there are no technical rules of variance or departure, and in a collision case the court, having the entire matter before it, is bound to decree in accordance with the facts established, although the result may be a recovery on grounds different from those alleged or proved by libelant, but which were alleged and proved by another party.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 544–556; Dec. Dig. § 70;\* Collision, Cent. Dig. § 256; Dec. Dig. § 121.\*]

Appeal and Cross-Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Suit in admiralty by John Andrews, master of the barge Ella A. Dempsey, against the steam tug Prudence, Charles Gring, claimant, the steam tug Norfolk, and N. Y., P. & N. R. R. Barge No. 14. Decree against the Prudence for half damages, and libelant and claimant both appeal. Affirmed.

For opinion below, see 197 Fed. 479.

John W. Oast, Jr., of Norfolk, Va., for the Ella A. Dempsey.

Edward R. Baird, Jr., of Norfolk, Va., for the Prudence. ·

Floyd Hughes, of Norfolk, Va. (Hughes & Vandeventer and Thomas H. Willcox, all of Norfolk, Va., on the brief), for the Norfolk and the N. Y., P. & N. R. R. Barge No. 14.

Before GOFF and PRITCHARD, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. [1] The barge Dempsey was injured by a collision with the N. Y., P. & N. R. R. barge No. 14, then in tow of the steam tug Norfolk. The master of the barge thereupon libeled the Norfolk, barge 14 and the steam tug Prudence, which had undertaken to tow the Dempsey from Baltimore to Norfolk. The court below held that the collision was in part due to the fault of the Dempsey. The record amply justifies such conclusion. It further decreed that the Prudence was also to blame, and she was required, in consequence, to make good to the Dempsey one-half the loss suffered by the latter. The Prudence was held liable because she had cut loose her tow and directed the barges of which it was composed to anchor under such circumstances as to cause them, in the then condition of wind and weather, to occupy in effect the entire channel. While the learned advocate for the Prudence does not ask us to review the conclusions of the judge below on any controverted questions of fact, he says that there is no evidence that what the Prudence did, whether it was a fault or not, in any wise contributed to the collision. In this view we cannot concur. This opinion might well end here, had not the Prudence raised an important question of pleading and practice.

[2] In its libel the Dempsey said that the Prudence and its tow just before the collision had been moving up the eastern or port side of the channel. In its answer the Prudence admitted the truth of such allegation. Barge 14 and the Norfolk, on the other hand, in their

answers charged that the Prudence and her tow were on the western side of the channel. The court found that the accident happened, except in so far as the Dempsey's fault contributed to it, because the Prudence stopped her tow to shorten hawser on the western side of the channel on a dark and stormy night, when the wind was blowing strongly from the northwest. The Dempsey was the rearmost barge. It was light. It showed a large freeboard to the wind. Naturally and almost inevitably it drifted across the channel, so as to endanger other craft. The Prudence now contends that one vessel cannot be held liable to another because the court believes a state of facts to have existed which is not alleged or proved by either of such vessels, nor when the court rejects as impossible what is said and shown by the vessel to which a recovery is awarded.

The Prudence is required to pay half the Dempsey's loss because, and only because, the Prudence, when she told her tow to shorten hawser, was on the west side of the channel. The Dempsey in her libel had charged that both she and the Prudence were on the east side. Had the Dempsey and the Prudence been the sole parties to the litigation, the former would not ordinarily have been allowed, against the objection of the latter, to offer evidence that both vessels had been where it said neither of them were. Whether the Dempsey would then have been permitted to amend its libel, so as to bring its allegations into harmony with its proofs, would have been in the discretion of the court. Doubtless before such amendment would have been allowed the libelant would have been required satisfactorily to explain why it had not accurately stated in its libel the facts as it afterwards understood them to be.

The rules of pleading in admiralty do not require all the technical precision and accuracy which is necessary in the practice of the courts of common law. They do demand that the cause of action shall be plainly and explicitly set forth in clear and intelligible language, so that the adverse party may understand what is the precise charge which he is required to answer, and make up an issue directly upon that charge. A party cannot regularly prove that which is not properly alleged. In this case the Dempsey did not offer evidence to contradict the allegation of its libel. The witnesses examined on its behalf believed both it and the Prudence to have been on the east side of the channel.

Even where there are only two parties to a collision controversy, there is no rigid rule that a libelant, alleging one fault on the part of a defendant vessel, cannot recover on proof of a different fault. In The Cambridge, 4 Fed. Cas. 1118, the libel alleged only that the defendant's steamer ported when she should have starboarded. The evidence for the steamer proved that she was running at too great a speed in a fog and had no lookout forward. Judge Lowell held that the libelant could rely on these faults as well as on those alleged in the libel. He said:

"In our courts the question is treated as a matter of evidence rather than of pleading. If surprise is shown, there may be reason for excluding the testimony, or for giving time to meet it. If the witnesses of one side vary

the case from that which his pleadings set up, it may be reason for disbelieving them. But it is the practice of our courts of admiralty rather to extract the truth and found a decree upon it, whenever, by amendment or otherwise, justice can be fully done to both parties, than to follow any very strict rules of variance."

Justice Curtis in The Clement, 5 Fed. Cas. 1015, said:

"In all collision cases the court will look at the allegations of both the parties of all matters of fact, upon which fault or its absence depends; they will consider which of those allegations is proved, not allowing either party to contradict by proof what he has alleged; and, having thus extracted the real case from the whole record, will pronounce for the one party or the other as that case requires."

In the case at bar there are four parties to the controversy and not two. Such a contest differs in kind, as well as in degree, from that in which there are but two antagonists. The rules which govern it must differ accordingly, whether it be waged in a court of admiralty or on the pages of Captain Marryatt. The question whether the Prudence and the Dempsey were on the west or on the east side of the channel was raised by the pleadings of the Norfolk and Barge 14. To this, among other issues, all parties directed their testimony. The rule which forbids a litigant to prove something which he has not charged is largely intended to prevent a surprise to his adversary. The Steamer Syracuse, 12 Wall. 167, 20 L. Ed. 382.

In this case there was no surprise and no possibility of it. Apparently every one who could throw any light upon the collision or its causes testified. In the admiralty there are no technical rules of variance or departure. The court below, having the whole matter before it, was bound to decree in accordance with the facts established. Dupont v. Vance, 19 How. 172, 15 L. Ed. 584; The Quickstep, 9 Wall. 670, 19 L. Ed. 767.

Affirmed.