█ MAX E. NUSSBAUM, Plaintiff, v. HAZEL DENNIS et al., Defendants. (Action No. 1.) MARIA ZAJAC et al., Respondents, v. HAZEL DENNIS et al., Appellants. (Action No. 2.) — An action brought by Max E. Nussbaum, the owner and operator of a passenger motor vehicle, to recover damages for personal injuries arising out of a collision of his motor vehicle with a tractor-trailer, against Hazel Dennis, the owner of the tractor-trailer, and Steden Contracting Co., Inc., whose agent operated the tractor-trailer (Action No. 1), was consolidated with an action brought by Maria Zajac, a passenger in Nussbaum's motor vehicle, to recover damages for personal injuries, and by her husband for medical expenses and loss of services, against Nussbaum, Dennis and Steden Contracting Co. (Action No. 2.) The tractor-trailer, while proceeding west on a four-lane highway, " jackknifed " across the road and into the path of Nussbaum's vehicle, which was traveling east. The jury rendered a verdict (1) in favor of the passenger for $75,000 and in favor of her husband for $12,000 against Nussbaum, Dennis and Steden Contracting Co., and (2) in favor of Dennis° and Steden Contracting Co. against Nussbaum on his cause of action. Nussbaum, Dennis and Steden Contracting Co. appeal from the judgment entered thereon insofar as said judgment is in favor of the respondents against them. Judgment insofar as it is in favor of the respondents against appellant Nussbaum reversed, action severed, and a new trial granted as between respondents and appellant Nussbaum, with costs to said appellant to abide the event. Judgment insofar as it is in favor of the respondents

against appellants Dennis and Steden Contracting Co. reversed and a new trial granted, with costs to said appellants to abide the event, unless within 15 days after the entry of the order hereon respondents stipulate to reduce the verdict in their favor against said appellants to $60,000 and $10,000, respectively, in which event the judgment, insofar as it is in favor of the respondents against said appellants as so reduced, is affirmed, without costs. In our opinion the verdict in favor of respondents is excessive. We are also of the opinion that the finding implicit in the verdict that appellant Nussbaum was negligent is against the weight of the credible evidence. Moreover, under the circumstances presented, it was prejudicial error to permit cross-examination of respondent Maria Zajac as to the allegations of her complaint charging Nussbaum with negligence. (Cf. *Matter of Court & Remsen Bldg. Corp.* [*Pollack*], 303 N. Y. 358, 360; *Roscoe Lbr. Co.* v. *Standard Silica Cement Co.*, 62 App. Div. 421, 423–424; *Dzulvelis* v. *Mays Fur & Ready To Wear*, 18 N. Y. S. 2d 106; *Palmer* v. *New York & Lake Champlain Transp. Co.*, 76 Hun 181.) Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., dissents (1) from the reversal of the judgment insofar as it is in favor of respondents against appellant Nussbaum, from the severance of the action, and from the granting of a new trial as between respondents and said appellant, and votes to affirm that part of said judgment, and (2) from the reversal of the judgment insofar as it is in favor of respondents against appellants Dennis and Steden Contracting Co. and the granting of a new trial as between respondents and said appellants, unless respondents stipulate to reduce the verdict in their favor, and votes to affirm that part of said judgment, without reduction.